United States District Court
Southern District of Texas
**ENTERED**
November 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID EUSTICE, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 4:20-CV-1887 |
| | § |
| TRANS UNION, LLC | § |
| | § |
| Defendants. | § |

## MEMORANDUM & ORDER

Before the Court is Defendant Christopher David Eustice's Motion for ECF eFiling Access and a Waiver of Pacer Fees (Doc. 20). Defendant has been declared a vexatious litigant in Cause No. 4:21-cv-01414. The order in that case—attached here as Exhibit A—refers to "this court," which means the entire Southern District of Texas. (Ex. A.) That order prohibits Defendant from filing anything in the Southern District of Texas without prior court approval. (*Id.*) Consequently, if Defendant's Motion had merit, the Court would strike it from the record as filed without permission.

Nevertheless, Defendant's Motion also lacks merit. Defendant submits that he "has no desire to abuse any court resources and has no history of abusive filings." (Doc. 20 at 1.) Given that Defendant has already been declared a vexatious litigant in this district, the Court cannot credit this assertion.

What's more, "ECF access is not a 'due process right' but is granted at the discretion of the Court." *Sieverding v. U.S. Dep't of Justice*, 847 F. Supp. 2d 75, 87 (D.D.C. 2012). Case

management procedures can be complex; absent extraordinary circumstances, this Court, like other courts, generally only allows CM/ECF access to attorneys who are members of the bar. *See e.g.*, *Rugamba v. Rockledge Bus (Tour), Inc.*, 2018 WL 3496474, at *1 n. 1 (D. Md. July 20, 2018). Here, Defendant's concerns about the image quality of his submissions and the safety and efficiency of the mail system do not qualify as extraordinary circumstances. If Defendant needs to file additional documents, he may follow the procedures set out by this Court after getting permission: "[f]or those without access to CM/ECF, documents may be submitted by mail, in person, or in the event of an emergency may be submitted by email to: Houston_Operations@txs.uscourts.gov for Houston cases[.]" *Operating Procedures During a Pandemic*, Southern District of Texas: COVID-19 General and Special Orders, https://www.txs.uscourts.gov/sites/txs/files/Operating%20Procedures-Reopen_.pdf (last visited November 17, 2021). Furthermore, Defendant has presented no evidence to support his assertion that a waiver of PACER fees is necessary for him "to compete on a level playing field with the other parties to this case." (Doc. 20 at 1.)

Writ large, then, Defendant's Motion lacks merit. The Court therefore **DENIES** Defendant's Motion.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this 19th day of November, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

# Exhibit A

| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2021
Nathan Ochsner, Clerk

Christopher Eunice, §
§
    Plaintiff, §
§
versus §    Civil Action H-21-1414
§
Citibank, N.A., §
§
    Defendant. §

## Order on Dismissal

1. On April 6, 2021, Christopher Eustice sued Citibank, N.A., in small claims court. He says that he fulfilled all funding requirements, but Citibank closed his bank account to avoid paying him a sign-up bonus. On April 30, 2021, Citibank removed this case and moved to dismiss it for lack of proper service and jurisdiction.

2. Citibank may be sued by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process.[1] Eustice mailed the complaint to "Mike Corbat, CEO of Citibank." Corbat is not the CEO of Citibank, nor is he Citibank's registered agent, president, or vice president. Service was improper.

3. This court has no general or specific jurisdiction over Citibank. Citibank has its principal place of business in New York, and it is incorporated in South Dakota. Eustice alleges no facts connecting its actions to this court; for example, he does not state what branch – in what city – closed

---

[1] Fed. R. Civ. P. 4(h)(1)(B).

his bank account.

4. Citibank also moved to deem Eustice a vexatious litigant. In six years, Eustice has pursued more than 20 lawsuits in state and federal courts. Many of these cases have been adjudicated against him. He has maliciously imposed unnecessary costs on the judicial system and the defendants he has sued. It must stop.

4. This case will be dismissed for lack of proper service and jurisdiction. Eustice is forbidden to file anything in this court without prior approval.

Signed on May 26, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge